[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO DISMISS
The defendant, David Green, who is charged with one count of aiding assault in the first degree in violation of General Statutes53a-59(a)(1) and 53a-8 and one count of conspiracy to commit assault in the first degree in violation of General Statutes53a-48(a) and 53a-59(a)(1), has moved to dismiss the charges against him, asserting that double jeopardy principles bar a trial on the entire information since he has previously entered a plea of CT Page 1618 nolo contendre to count two.
On January 14, 1994, subsequent to plea negotiations, the defendant entered a plea of nolo contendre to count two. In exchange for the defendant's plea, the state agreed to enter a nolle prosequi on count one. This court, after advising the defendant of the rights that he was relinquishing by entering the plea, determined that the plea was entered knowingly, intelligently, and voluntarily. A factual basis for the plea was found and the plea was accepted. During the plea hearing this court indicated that the sentence would be three and a half years to run consecutively to the defendant's 22-year sentence for an unrelated conviction that he is currently serving in Florida. The court postponed sentencing until January 20, 1994 so that the victim would have an opportunity to address the court since the State and the defendant waived their respective right to have a pre-sentence investigation report prepared prior to sentencing.
At the January 20, 1994 hearing, the victim told the court of the injuries that he sustained in the attack and of his subsequent emotional and physical difficulties. On the basis of this information, the court determined that the earlier indicated sentence would not be an appropriate disposition. The court advised the defendant that he had a right to withdraw his plea, but if he declined to do so, the court would not impose the agreed upon sentence.
The defendant refused to withdraw his plea and moved for specific performance of the agreed upon sentence. The court held a hearing on January 24, 1994 and denied the motion for specific performance. The defendant thereafter moved to dismiss the information.
First, it should be noted that the defendant is not entitled to specific performance of the earlier indicated sentence. The defendant relies on a U.S. Supreme Court case, Santobello v. New York, 404 U.S. 257, 260, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), to support his argument that the court is bound by the sentencing agreement. However, "[s]uch reliance is misplaced. In Santobello, the United States Supreme Court held that a promise or agreement made by a prosecutor, upon which the defendant relied in entering his plea of guilty, must be fulfilled. The same rule, however, does not apply to a trial judge." (Emphasis in original.) State v. DeJesus, 10 Conn. App. 591, 603, 524 A.2d 1156 (1987). "The role of a trial judge at sentencing is such that public policy CT Page 1619 considerations bear against the specific performance of any promise regarding sentencing made by a judge." Id.
 Moreover, `[u]ntil sentence is pronounced, the trial court maintains power to impose any sentence authorized by law; and, though the sentencing judge may be conscience-bound to perform his own prior agreements with counsel and the parties, the court is not in law bound to impose a sentence that once seemed, but no longer seems, just and appropriate.' State ex rel. Wilhoit v. Wells, 356 So.2d 817, 824
(Fla.App. 1978). In those circumstances in which the judge cannot in conscience impose the sentence conditionally promised, it has been uniformly recognized that the only obligation he has is to grant the defendant the opportunity to withdraw his guilty plea. (Citations omitted.)
State v. DeJesus, supra, 604.
In the present case, this court found that the original sentence was not appropriate after hearing the victim's account of the extent of his injuries and subsequent physical and emotional difficulties. The court gave the defendant the opportunity to withdraw his plea and he chose not to do so. Since the court gave the defendant the opportunity to withdraw his plea, it is under no obligation to provide another remedy to the defendant.
Second, double jeopardy principles are not offended in this case. The defendant has entered a plea of nolo contendre to count two and will now be sentenced on that count. The defendant is not scheduled to commence trial on count two and, therefore, the defendant is not at risk of being placed in jeopardy twice on that count. Also, since the defendant has not entered a plea as to count one, he has not been placed in jeopardy on that count. See State v. DesLaurier, 32 Conn. App. 553, 557, 630 A.2d 119 (1993). Furthermore, the state has indicated that it will dispose of count one at the sentencing hearing on count two. Since the double jeopardy provisions are not at issue in this case, the defendant's motion to dismiss is denied.
THE COURT: CT Page 1620
Ronan, J.